FILED

IN THE UNITED STATES DISTRICT COURT MAR - 9 1992

FOR THE DISTRICT OF KANSAS RALPH L. DeLOACH, Clerk
By [signature] Deputy

MARK BRANDON BOSLEY, Plaintiff,

v.

DENNIS FOSTER, SHAWN BUCK, and CITY OF KANSAS CITY, KANSAS, Defendants.

CIVIL ACTION

No. 90-2409-B

ORDER

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, the court makes the following findings and order with respect to plaintiff's claims for malicious prosecution.

1. In his complaint, plaintiff alleged that both defendants Foster and Buck maliciously prosecuted him when defendant Foster signed a complaint against plaintiff alleging a violation of K.S.A. 22-274, obstructing and resisting an officer.

2. The parties have stipulated that plaintiff was tried and convicted of the charges in Kansas City, Kansas, Municipal Court, but that at a later trial de novo, in Wyandotte County District Court, plaintiff was acquitted by a jury of the charges.

3. The parties agree that Kansas law applies and that the elements of plaintiff's malicious prosecution claim, as specified in PIK 2d 14.30, are:

124

AO 72A (Rev. 8/82)

72

> "To maintain an action for malicious prosecution, the plaintiff must prove that the defendant instituted the proceeding of which complaint is made, that the defendant in so doing acted without probable cause and with malice, and that the proceeding terminated in favor of the plaintiff."

4. The plaintiff agrees that there is no evidence that defendant Buck "instituted the proceedings" and that Buck is entitled to judgment on the malicious prosecution claim against him. This leaves the question of the malicious prosecution claim against defendant Foster.

5. Rule 50, Federal Rules of Civil Procedure, as amended, provides:

> "(a) Judgment as a Matter of Law.
>
> (1) If during a trial by a jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against that party on any claim, counterclaim, cross-claim, or third party claim that cannot under the controlling law be maintained without a favorable finding on that issue.
>
> (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment."

6. Defendants filed a motion for summary judgment (Doc. 41, p. 16) in which they requested judgment in their favor on the malicious prosecution claim based on the undisputed fact that the plaintiff was convicted in municipal court, thereby showing that the complaint signed by defendant Foster was based on probable



AO 72A
(Rev. 8/82)

cause. Plaintiff opposed the motion (Doc. 46, p. 10) with the following argument:

> "The Defendants rely upon Elbrader which is based on the rule of Earley v. Harry's IGA, 223 Kan. 32, 573 P.2d 572 (1977). In that case, the Court held that a municipal court conviction is conclusive on the issue of probable cause even when an acquittal is later obtained in District Court on trial de novo of the charge, unless the conviction in the police court was based upon perjured testimony, fraud, or corruption. Certainly there is a jury question here on the issue of whether there was perjured testimony, fraud or corruption. If Plaintiff's side of the story is true, then Defendants have lied under oath for the obvious corrupt purpose of obstructing justice. Indeed, if a jury believes Plaintiff's side of events, it would almost necessarily have to find a malicious prosecution calculated to shut down civil liability."

7. The court will now reconsider defendants' Rule 56 motion as a Rule 50 motion made at the close of all the evidence. Both parties were afforded the opportunity to submit additional authorities in connection with the court's consideration of the motion, and both stated they would rely on the authorities and argument set forth in their memoranda on the motion for summary judgment.

8. In Elbrader v. Blevins, 757 F.Supp. 1174 (D. Kan. 1991), this court approved and followed the Kansas Supreme Court's decision in Earley v. Harry's IGA, 223 Kan. 32, 573 P.2d 572 (1977), wherein the court stated:

> "A conviction by a police court having jurisdiction of an offense for which one is arrested is conclusive on the issue of probable cause even though the case may later be dismissed in the district court by the



AO 72A
(Rev. 8/82)

> prosecution following an appeal and even though the plaintiff is acquitted of the charge in the district court on appeal, unless the conviction in the police court was based upon perjured testimony, fraud, or corruption." (Emphasis supplied.)

9. Viewed in the light most favorable to the plaintiff, there is no evidence that plaintiff's conviction in Kansas City, Kansas, Municipal Court was based upon perjured testimony, fraud or corruption. Plaintiff's evidence in this case is that there are discrepancies between the sworn statements given by defendants Foster and Buck to the police department's internal affairs unit and their testimony given at the municipal court and district court trials involving plaintiff, and in their testimony in this case. The plaintiff herein has pointedly and repeatedly called both defendants Foster and Buck "liars."

10. The court finds that this evidence is insufficient for purposes of Rule 50. Elbrader and Earley require a showing that the conviction in municipal court was based upon perjured testimony, fraud or corruption. This is, and should be, a strict and tough standard. The purpose of the rule of Earley is obvious: a conviction in a court, although followed by an acquittal, should conclusively establish probable cause to institute criminal proceedings unless the plaintiff can prove that the conviction was obtained through perjury, fraud, or corruption. Perjury, fraud and corruption are extremely serious charges. In a criminal case, it would be necessary to prove their existence beyond a reasonable doubt. Even in a civil context, fraud must be proved by clear and



AO 72A
(Rev. 8/82)

convincing evidence, a standard considerably higher than by a preponderance. (PIK 2d 2.11 and 14.40)

11. For a jury to find, even by a preponderance of the evidence, that a conviction in another case was <u>based upon</u> perjured testimony, fraud or corruption, much more is needed than evidence that some testimony given by one or two witnesses in the municipal court case differed in some aspects from testimony given elsewhere. In this case, the plaintiff has introduced no evidence to show what the guilty verdict in the municipal court trial was "based upon." Plaintiff has not called the judge who rendered the verdict or offered the entire transcript of the municipal court trial, thus leaving the jury in this case to speculate upon what the municipal court judge based his verdict. The jury in this case has no evidence on which to base a verdict that the judge's verdict in municipal court would have been any different had the discrepancies brought out in this case been brought to the municipal court judge's attention (assuming they were not), much less that the discrepancies caused a verdict <u>based</u> <u>upon</u> perjury, fraud or corruption.

12. Impeachment by prior inconsistent statements or testimony is commonplace in trials. Instructions routinely given to juries regarding their consideration of inconsistent statements or testimony do not equate inconsistencies with perjury. <u>See</u>, <u>e.g.</u>, 3 Edward J. Devitt et al., <u>Federal Jury Practice and Instructions</u>, §§ 73.01, 73.04 and 73.09 (4th ed. 1987). For a jury to find that the verdict in a prior case was <u>based</u> <u>on</u> such serious



AO 72A
(Rev. 8/82)

charges of perjury, fraud or corruption would and should require evidence far more conclusive and probative than mere inconsistent statements, and plaintiff has made no effort to present such evidence in this case.

Accordingly, defendant Buck's motion for summary judgment on plaintiff's claim of malicious prosecution is considered as a motion for judgment under Rule 50 and is hereby sustained.

IT IS SO ORDERED.

Dated this 6th day of March, 1992, at Kansas City, Kansas.

Monti Belot

MONTI L. BELOT
United States District Judge



AO 72A
(Rev. 8/82)